IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY GARRETT BROWN,<br>        Plaintiff | )<br>)<br>) |
|         v. | )    C.A. No. 06-204 Erie<br>) |
| U.S. GOVERNMENT,<br>        Defendant. | )<br>)<br>) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I    RECOMMENDATION**

It is respectfully recommended that the instant action be dismissed for Plaintiff's failure to prosecute.

**II    REPORT**

On September 11, 2006, the Clerk of Courts received a document entitlked "Informal Petition for Independent Sovereignty" from Plaintiff Gregory Garrett Brown, an inmate at the State Correctional Institution at Huntingdon, Pennsylvania; however, Petitioner did not pay the filing fee or file a motion to proceed *in forma pauperis*. In addition, it was unclear whether Plaintiff intended his document to be a Complaint or a Petition for Writ of Habeas Corpus. As a result, this Court entered a Show Cause Order, dated September 27, 2006, directing Plaintiff to re-file his pleading as either a Complaint or habeas petition, and to either pay the appropriate filing fee to the Clerk of Courts or file a motion to proceed *in forma pauperis* with an accompanying institutional account statement, before October 16, 2006, or suffer dismissal of this case for failure to prosecute. [Document # 2]. Rather than comply with this Order, Plaintiff filed an appeal of this Court's Order to District Judge Sean J. McLaughlin on October 4, 2006. By Order dated October 5, 2006, Judge McLaughlin affirmed this Court's Order. [Document # 4]. Plaintiff then filed a Notice of Appeal with the Third Circuit Court of Appeals, which ultimately dismissed Plaintiff's appeal on November 6, 2006, for failure to timely prosecute.

[Document # 7].

Since the return of this case from the Third Circuit Court, Plaintiff has done nothing to comply with this Court's Order dated September 27, 2006.

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. <u>Poulis v. State Farm Fire and Casualty Co.</u>, 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. <u>Id.</u> at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. <u>Hicks v. Feeney</u>, 850 F.2d 152 (3d Cir. 1988).

Applying the <u>Poulis</u> factors to the present matter, this Court recommends the dismissal of this matter. Since the filing of this matter, Plaintiff has taken none of the necessary first steps to prosecute this case. Further, Plaintiff has failed to comply with an order of this Court. Plaintiff is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties. Although Plaintiff's allegations may state a claim upon which relief could be ultimately be granted, the merits of the claim are impossible to determine at this early stage of the proceedings.

### III    CONCLUSION

For the foregoing reasons, it is respectfully recommended that this case be dismissed due to Plaintiff's failure to prosecute.

In accordance with the Magistrates Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. No extensions of time will be granted. Failure

to timely file objections may constitute a waiver of any appellate rights.  See e.g., Nara v. Frank, ___ F.3d ___, 2007 WL 1321929 (3d Cir. May 8, 2007).

                                                S/Susan Paradise Baxter
                                                SUSAN PARADISE BAXTER
                                                Chief U.S. Magistrate Judge

Dated: October 2, 2007

cc:      The Honorable Sean J. McLaughlin
         United States District Judge